UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Clifford McCrae, Garrett Brown, and Nastassia Campbell, | Civil No. 3:22-cv-00217-MEG |
| Plaintiffs, | |
| v. | |
| H.N.S. Management Company d.b.a. CT Transit,[1] | September 15, 2023 |
| Defendant. | |

## DISCOVERY RULING

Plaintiffs, Clifford McCrae, Garrett Brown, and Nastassia Campbell (collectively "Plaintiffs"), are bus operators employed by Defendant H.N.S. Management Company ("HNS" or "Defendant"). Before the Court is Plaintiffs' Motion to Compel filed on June 15, 2023, after the close of discovery. (ECF Nos. 29, 55). Plaintiffs argue that among other things, HNS's document production was deficient under the Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("Protocols").[2] For the following reasons, Plaintiffs' motion is denied in part and granted in part only as to certain documents within Plaintiffs' workers' compensation claim files as requested in the fifth of what Plaintiffs refer to as their supplemental discovery requests.

---

[1] The current caption lists only one defendant because Judge Arterton dismissed all claims against Angela Pellegrini on November 2, 2022. *McCrae v. H.N.S. Management Company,* No. 3:22-cv-00217-JBA, 2002 WL 16635390, at *8 (D. Conn. Nov. 2, 2022).

[2] Throughout their motion, Plaintiffs correctly cite to specific provisions of the current version of the Protocols available at https://ctd.uscourts.gov/sites/default/files/forms/Discovery_Protocols.pdf [archived at https://perma.cc/SK56-FHES] and effective May 1, 2012. However, Plaintiffs include what appears to be an outdated version of the Protocols as Exhibit B. (ECF No. 55, at 20-27.) For the purposes of the motion at issue, both versions are identical but with different section numbering. In this ruling, the Court refers to the provisions of the Protocols as they appear in the current version.

**BACKGROUND**

Following the Court's ruling on HNS's and then-defendant Angela Pellegrini's Motion to Dismiss, two claims survived dismissal: (1) Count Three—retaliation in violation of the National Transit Systems Security Act, 6 U.S.C. § 1142 ("NTSSA") and (2) Count Four—discrimination on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").[3] *See McCrae v. H.N.S. Management Company,* No. 3:22-cv-00217-JBA, 2002 WL 16635390, at *1-2 (D. Conn. Nov. 2, 2022) (granting in part as to Count One, Count Two and Count Three's Title VII retaliation claim, and Count Five, as well as all five counts against Ms. Pellegrini).

The following procedural history is pertinent to the issues raised. Plaintiffs initiated this case on February 7, 2022. (ECF No. 1.) On the same day, the Court entered a Notice to Parties re Initial Discovery Protocols for Employment Cases Alleging Adverse Actions. (ECF No. 5.) On May 18, 2022, following a pre-filing conference, the Court entered a scheduling order directing (1) Plaintiffs to file an Amended Complaint by June 17, 2022; (2) HNS and Ms. Pellegrini to file a Motion to Dismiss by July 1, 2022; (3) Plaintiffs to file any opposition by July 22, 2022; (4) and all parties to file a joint 26(f) Planning Report by May 31, 2022. (ECF No. 13.)

In the Rule 26(f) Report, the parties agreed that the case is subject to the Protocols and to serve their initial disclosures by August 1, 2022. (ECF No. 14, at 5.) The Court approved the parties' 26(f) Report with discovery set to close March 31, 2023. (ECF No. 16.) On August 1, 2022, HNS and Ms. Pellegrini (who was still a party in the case), served written responses to the

---

[3] Although the initial disclosures were due before Judge Arterton's ruling on the Motion to Dismiss, due to the parties' ongoing duty under Fed. R. Civ. P. 26(e)(1), this Discovery Ruling considers only the *surviving* claims and defenses.

Protocols. (ECF No. 56, at 2.) In a rolling production, HNS also produced nearly 3,500 pages of documents beginning on August 1, 2022. (*Id.*, at 2, n. 3.)

On November 2, 2022, the Court granted in part and denied in part HNS's and Ms. Pellegrini's Motion to Dismiss. (ECF No. 25.) HNS filed an answer with affirmative defenses on November 16, 2022. (ECF No. 26.) During the parties' March 13, 2023 status conference, Defendant's counsel requested an extension of the discovery deadline for the sole purpose of obtaining medical records from Plaintiffs' health care providers in accordance with the release Defendant had previously delivered to those providers. (ECF No. 56, at 2.) On March 14, 2023, the Court extended the close of discovery until May 1, 2023 "on request and for good cause shown (unavailability of medical records)." (ECF No. 29.)

Plaintiffs made no request for the extension of the discovery deadline until May 16, 2023. (ECF No. 46.) This Court denied that request on May 23, 2023, for among other reasons, failure to show good cause. (ECF No. 48.) However, on May 25, 2023, the Court granted Plaintiffs until June 30, 2023, to take certain depositions so long as they were noticed by May 31, 2023, and until June 15, 2023, to file a motion to compel. (ECF No. 51.) Plaintiffs did not notice the depositions until June 2, 2023, and filed a Motion to Proceed with Depositions (ECF No. 52) which this Court denied on June 7, 2023 (ECF No. 54).

Plaintiffs filed the instant Motion to Compel on June 15, 2023. (ECF No. 55.) Notably, Plaintiffs served no formal written discovery upon Defendant before the May 1, 2023 close of discovery, or at any time in this case, but now seek an order compelling the production of documents and imposing sanctions on Defendant.[4] Plaintiffs argue that Defendant: (1) should be

---

[4] Plaintiffs' motion relies on the Protocols and the continuing obligation to supplement responses thereto. Plaintiffs first brought their discovery disputes to the Court's attention in their May 16, 2023 Motion for Extension of Time for Discovery (ECF No. 46, denied at ECF No. 51). As part of that motion, Plaintiffs identified several discovery

3

compelled to produce outstanding document productions; (2) should not be allowed to conceal relevant discovery; (3) failed to adequately object; and (4) disobeyed a court order in failing to comply with the Protocols. Plaintiffs seek production of six categories of documents, videos, and information pursuant to Part 4(2)(f), Part 4(2)(l), Part 4(2)(n), Part 4(3)(c) of the Protocols and argue that the Court should take punitive action against Defendant. Defendant opposes the motion, arguing that the documents Plaintiffs seek are not reasonably within the scope of the Protocols, were not the subject of any other discovery request issued in compliance with the federal rules, and in some cases do not exist. (ECF No. 56, at 1-2.)

## **LEGAL STANDARD**

Rule 26(a)(1) of the Federal Rules of Civil Procedure governs mandatory initial disclosures. It requires that a party provide initial disclosures "without awaiting a discovery request . . . ." Fed. R. Civ. P. 26(a)(1)(A). "A party must make its Initial Disclosures based on the information then reasonably available to it" and a party is not excused from this affirmative obligation even where another party's disclosures are deficient or have not been provided. Fed. R. Civ. P. 26(a)(1)(E). In addition, disclosures are to be timely supplemented by the disclosing party if it learns that they are "incorrect or incomplete." Fed. R. Civ. P. 26(e)(1).

The Protocols "are not intended to preclude or to modify the rights of any party for discovery . . . but they are intended to supersede the parties' obligations to make initial disclosures pursuant to [Rule] 26(a)(1)." Protocols, at Part 1. The Protocols do not supersede Rule 26(e) regarding supplementation of incorrect or incomplete production. Protocols, at Part 2(2)(d). Their purpose is "to encourage parties and their counsel to exchange the most relevant information and

---

requests that they claim to have made during the April 12, 2023 deposition of Ms. Pellegrini and during the parties' May 3, 2023 meet-and-confer. The deposition excerpts do not show whether Plaintiffs made any requests. Nonetheless, oral requests for information do not obviate the need to propound discovery as contemplated by the Federal Rules of Civil Procedure.

documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery." Protocols, at Part 1. The Protocols were not meant to displace or prevent parties from propounding written discovery in accordance with Federal Rules of Civil Procedure 33 and 34.

**DISCUSSION**

The Court's inquiry is limited to whether the information Plaintiffs seek to compel is information that is responsive to the Protocols. The Court takes each category in turn.

> Relevant to the discussion, the Protocols require Defendant to:
>
> - produce documents relied upon to make the employment decision(s) at issue in this lawsuit. Protocols, at Part 4(2)(f).
>
> - produce documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged. Protocols, Part 4(2)(l).
>
> - produce any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action. Protocols, Part 4(2)(n).
>
> - identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge. Protocols, Part 4(3)(c).

**1. Hartford facility bus repair records between April 1, 2020 and August 2020 for the repair of windows, toolboxes, and/or the interior of the bus**

Plaintiffs argue that these records should have been turned over pursuant to Part 4(2)(l) and Part 4(2)(n) of the Protocols. (ECF No. 55, at 4.) They contend that this discovery request relates

to "the level of hazard of the chemicals and the misuse by [HNS] which resulted in damage to the interior of the buses," and the allegations set forth in paragraph 45 of the Amended Complaint. (ECF No. 15, at 10, at ¶ 45 ("The chemicals were so dangerous, that the windows of the buses cracked due to the strength of the chemical and the improper application of them by untrained workers.").) HNS argues that this demand cannot reasonably fall within the scope of the Protocols and are not relevant to the claims and defenses in this case, an objection it would have made had Plaintiffs issued a written discovery request. (ECF No. 56, at 5.)

Regardless of whether the misuse of chemicals damaged the buses, the records requested do not fall within the scope of the Protocols, the bus repair records are not "[d]ocuments concerning investigation(s)" of the Plaintiffs' complaints, as described by Part 4(2)(l), nor is there any indication that HNS relies on them "to support the defenses, affirmative defenses, and counterclaims," as described by Part 4(2)(n).[5]

The Court finds substantial justification for the omission of this information in HNS's production in response to the Protocols. The allegations in the Amended Complaint do not provide reasonable notice that Plaintiffs were requesting "bus repair records between April 1, 2020 and August 2020 for the repair of windows, toolboxes, and/or the interior of the bus." Because these documents sought are not responsive to Part 4(2)(l) and Part 4(2)(n) of the Protocols, they need not be produced now. Accordingly, the Motion to Compel's first supplemental discovery request is DENIED.

---

[5] Defendant asserts ten defenses in response to Plaintiffs' Amended Complaint. (ECF No. 26, at 9-11.) Those are (1) failure to state a claim upon which relief can be granted; (2) statute of limitations; (3) failure to exhaust administrative remedies; (4) the NTSSA's election of remedies provision is a bar to recovery; (5) [another statute of limitations defense]; (6) Defendant's good faith efforts prevent the imposition of punitive damages; (7) failure to mitigate damages; (8) Defendant's actions were not the proximate cause of any injuries; (9) Defendant would have endangered others by allowing Plaintiffs to operate buses; and (10) reasonable accommodations for Plaintiffs would have imposed an undue hardship on Defendant.

2. **<u>Videos of Plaintiffs spraying an unidentified substance in the driver's area of the bus in April 2020</u>**

Plaintiffs argue that the videos of Plaintiffs spraying a substance comprise "part of [HNS's] defense to Plaintiffs' claims" and should have been produced accordingly in response to Part 4(2)(l) and Part 4(2)(n) of the Protocols. Plaintiffs do not specify how these videos "concern the investigation(s)" or "support the defenses, affirmative defenses, and counterclaims." Plaintiffs cite to page 108 of Ms. Pellegrini's deposition testimony in support of their proposition that such videos exist. Ms. Pellegrini's testimony at that page indicates that she reviewed certain videos of the time at which Plaintiffs claim to have been exposed to chemicals, and that in the videos, "each party used some sort of their own personal chemicals at the time for which they are claiming exposure." She further testified that she did not know what kind of chemicals were used and that she did not know whether the chemicals could have been water. (Doc 46-1, at 3.)

Based on the Court's limited information regarding the content of the videos, the Court could contemplate that the videos, if they still existed, could be used by Defendant to support its affirmative defenses that Plaintiffs failed to mitigate their damages or that Defendant's actions were not the proximate cause of any injuries. As such, the Court finds that if the videos still existed, they could potentially fall within the scope of the Protocols. Given the scant record before the Court and the fact that the videos no longer exist, the Court reserves on the issue of the scope of what will be permitted at trial regarding the existence and contents of the videos.

3. **<u>The names of other drivers who made workers' compensation claims related to the disinfectant, and filed a First Report of Injury, from April 2020 to December 2020</u>**

Plaintiffs argue that Defendant should have identified the other drivers who made workers' compensation claims related to the disinfectant in response to Part 4(3)(c) of the Protocols because "[t]hese individuals have information which is relevant to the claims at the basis of this matter."

7

Neither Plaintiffs nor Defendant offer factual or legal support or opposition to this conclusory statement.

Plaintiffs have not established that the identities of these unnamed drivers are within the scope of the Protocols and the Court has no information before it to suggest otherwise. Plaintiffs' claims are limited to claims for NTSSA retaliation and ADA discrimination. Drivers who filed for workers' compensation based on the use of disinfectants do not necessarily have knowledge of the facts concerning Defendant's alleged violations vis-à-vis Plaintiffs and the specific claims in this case. Defendant's failure to disclose any of these individuals indicates that they do not intend to use them for purposes of establishing their defenses. Therefore, the identities of other drivers are not responsive to Part 4(3)(c) and the Motion to Compel's third supplemental discovery request is DENIED.

4. **The summary or report of workers' compensation claims referenced in Ms. Pellegrini's deposition that Ms. Pellegrini provided to Michael Blondin**

Plaintiffs argue that in response to Part 4(2)(l) and Part 4(2)(n), HNS should have disclosed the report Ms. Pellegrini referenced in her deposition. In her deposition, when asked whether she had made a "compilation or report [of] how many workers' comp[ensation] cases have been approved versus denied," Ms. Pellegrini testified that the last time she had was several years ago, at the union's request. (ECF No. 56-1, at 19-20.) She further testified that she presented the findings of her report orally to Mike Blondin, HNS's then-Assistant General Manager of Administration. (*Id.*)

Although Defendant maintains that it searched for this document and is unable to locate or confirm its existence (ECF No. 56, at 6-7), this Court will not compel its production because Plaintiffs have not made a showing that it is responsive to Part 4(2)(l) or Part 4(2)(n). The entire substance of Plaintiffs' argument on this subject is that the report "is relevant to the claims in this

matter, and should have been produced as part of the Initial Discovery." Aside from this conclusory recitation of a requirement for discovery, Plaintiffs offer no support for the premise that the report is responsive to the Protocols.

The summary of the report and the data underlying it are information far outside the scope of the Protocols that could have been sought through the use of interrogatories or requests for production. For the same reasons that this Court will not compel Defendant to identify other drivers who have made workers' compensation claims, it will not compel Defendant to identify the workers' compensation claims underlying the referenced report. The Motion to Compel the fourth supplemental discovery request is DENIED.

**5.  Plaintiffs' complete workers' compensation files**

Plaintiffs aver that their workers' compensation files contain documents that Defendant did not produce but should have. Plaintiffs hold this belief based on Ms. Pellegrini's deposition testimony. From the limited deposition excerpts provided to the Court it appears that Plaintiffs' counsel showed Ms. Pellegrini a medical record identified as Exhibit 38, and that Ms. Pellegrini did not remember previously receiving it and stated that she "can't recall if this document is part of the file." (ECF No. 56-1, at 185-186.) Also, when Plaintiffs' counsel showed Ms. Pellegrini another medical record from April 15, 2020, Ms. Pellegrini admitted that the two records indicated that that particular plaintiff believed that his or her work caused the medical condition, prompting Ms. Pellegrini to surmise that, since she denied the workers' compensation claim, "[t]here had to be a report that doesn't support causation . . . ." (ECF No. 56-1, at 206, at line 7-10.) Plaintiffs argue that Ms. Pellegrini's inability to recall whether a document formed part of a workers' compensation claimant's file, in combination with her subsequent speculation about the existence of such a document, indicates the existence of documents that Defendant failed to produce.

Defendant argues that because "Plaintiffs do not assert a claim in this lawsuit arising out of their workers' compensation filings, the workers' compensation file itself is outside the scope" of the Protocols. The Court disagrees. Plaintiffs' claims are inextricably linked to their workers' compensation files: Plaintiffs allege that Defendant acted with malice toward its drivers by disregarding medical opinions; improperly denying their workers' compensation claims; and refusing to accommodate Plaintiffs' medical needs, all for discriminatory or retaliatory purposes. (*See, e.g.,* ECF No. 15, at ¶ 52.)

Part 4(2)(f) of the Protocols requires the production of "[d]ocuments relied upon to make the employment decision(s) at issue in this lawsuit." Defendant's counsel maintained that "she had produced all non-privileged workers' compensation documents provided to her by HNS." Defendant's responses to the Protocols and its opposition brief are not certified by either Defendant or its counsel. This Court does not presume to know whether Defendant provided all documents relied upon to its counsel and whether its counsel provided all documents relied upon to Plaintiffs' counsel, but it is apparent that Defendant relied upon more than what Plaintiffs' counsel presented to Ms. Pellegrini during her deposition.

Therefore, the Motion to Compel Plaintiffs' complete workers' compensation file is GRANTED.

**6.** **The identity of all employees who worked as sprayers in Hartford in 2020**

Plaintiffs argue that the spraying employees have information that is relevant pursuant to Part 4(3)(c) because "Ms. Pellegrini testified about the procedure used by the sprayers," they are "the individuals responsible for applying the chemicals to the buses," and because "[t]hey absolutely have information that is relevant to the claims and defenses at the basis of the matter." Part 4(3)(c) requires that HNS identify those with "knowledge of the facts concerning the claims

or defenses at issue . . . ." The Protocols do not require identification of people with knowledge of any and all facts related to any deposition testimony. Further, the record is devoid of any link between the identities of employees who sprayed chemicals on the buses and the claims and defenses in this case. There is no suggestion, for example, that the spraying employees have any knowledge of Defendant's alleged refusal to accommodate Plaintiffs, denial of Plaintiffs' workers' compensation claims, or retaliation. Defendant's failure to disclose any of these individuals indicates that they do not intend to use them for purposes of establishing their defenses.

As the identities of the spraying employees are not responsive to the section of the Protocols that Plaintiffs argue applies, the Motion to Compel information responsive to the sixth supplemental discovery request is DENIED.

### 7. **Plaintiffs' Argument for Preclusion, Sanctions, Fees, etc.**

This Court has made no findings that Defendant has abused the initial disclosure process or has otherwise failed to make adequate initial disclosures. At this stage, there is no basis to preclude Defendant from using any information at a hearing or trial and there is no reason to consider an order for sanctions or other punitive remedy available to this Court. Plaintiffs' requests for this Court to enter an order for sanctions or fees are DENIED. The parties may file motions in limine as deemed appropriate in conjunction with trial preparation.

### **CONCLUSION**

For the reasons stated, Plaintiff's Motion to Compel the Production of Documents Pursuant to Local Rule 37, Initial Discovery Protocols, and Fed. R. Civ. P. 34(b)(2)(e) (ECF No. 55) is granted in part and denied in part.

Defendant shall, within fourteen days of this order:

(A) Produce all non-privileged documents it relied upon to deny Plaintiffs' workers' compensation claims or to refuse to accommodate Plaintiffs' requests to use an alternative cleaning compound. Any information withheld on the basis of privilege shall be identified by a privilege log pursuant to Rule 26(b)(5). Documents previously produced need not be produced again.

(B) Certify under penalty of perjury, that after a diligent search, it has produced all documents responsive to the Protocols.

**Dispositive motions are due October 31, 2023.**

This is not a recommended ruling. The parties consented to the jurisdiction of the undersigned Magistrate Judge, who may therefore direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. (ECF No. 39.) Appeals may be made directly to the appropriate United States Court of Appeals. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

*/s/ Maria E. Garcia*
Hon. Maria E. Garcia
United States Magistrate Judge